**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL WALKER,** | |
| **Petitioner,** | |
| **v.** | **CIVIL ACTION NO. 19-2832** |
| **RICHARD MARSH,** *et al.*, | |
| **Defendants.** | |

## ORDER

**AND NOW,** this 22nd day of August 2022, upon consideration of Petitioner Michael Walker's *pro se* petition for writ of habeas corpus [Doc. No. 1], the Report and Recommendation of the Honorable Magistrate Judge Elizabeth Hey [Doc. No. 18], Walker's objections thereto [Doc. No. 19], Walker's Motion for Relief under 60(b) [Doc. No. 24], and Walker's Motion to Compel Judgment Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. No. 26], and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

1. Walker's Motion for Relief under 60(b) [Doc. No. 24] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

   a. The motion is **GRANTED** to the extent that the Court construes this filing as a supplemental objection to the Report and Recommendation, and considers the arguments presented in the motion as a basis for equitable tolling of the statute of limitations applicable to Walker's habeas petition.

   b. The motion is otherwise **DENIED**.

2. Walker's Motion to Compel Judgment Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. No. 26] is **DISMISSED** as moot.

3. The Report and Recommendation [Doc. No. 18] is **APPROVED** in part and **ADOPTED** as follows:

a.  To the extent that Walker objects to the standard applied by the Report and Recommendation to evaluate Walker's purportedly new evidence of his actual innocence, Walker's objection is **SUSTAINED**, and the Court addresses the merits of Walker's purportedly new evidence. However, for the reasons set forth in the accompanying memorandum opinion, the Court concurs with the Report and Recommendation's conclusion that the "actual innocence gateway" does not apply to waive the Petition's untimeliness.

b.  To the extent that the Report and Recommendation concludes that the Petition is statutorily time-barred and that there is no basis for equitably tolling the statute of limitations, it is **APPROVED** and **ADOPTED**.

4.  Walker's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED** as untimely.

5.  A certificate of appealability will not issue as there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[1]

6.  The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED.**

> **BY THE COURT:**
>
> **/s/ Cynthia M. Rufe**
> _____
> **CYNTHIA M. RUFE, J.**

---

[1] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation omitted).